UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06CV-212-H

AAF INTERNATIONAL, INC.                                                                        PLAINTIFF

V.

FOSTER-THOMPSON, LLC                                                                          DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Defendant, Foster-Thompson, LLC ("Foster-Thompson") built a power plant in Iraq under contract with the Iraq Provisional Government. Plaintiff, AAF International, Inc. ("AAF") provided chilling equipment for the project. As part of their agreement, Foster-Thompson agreed to limit its remedies against AAF to certain warranty provisions. The chiller did not perform as expected. Foster-Thompson refused to pay the final amounts due under its contract and AAF sued for breach of contract, claiming approximately $143,000 for the remaining costs of chilling equipment.

Thereafter, Foster Thompson has counter-claimed under warranty and contract. AAF has asked for summary judgment on the warranty claims because the warranty limits Foster-Thompson's remedies to parts replacement. In reality, AAF seeks to enforce the warranty provisions and limited its liability, if any, to the replacement of defective part, while at the same time maintaining that it has no obligations under the warranty because Foster-Thompson has refused to pay the amounts they made under the contract. The real dispute here is AAF's

contractual claim for $143,500.  It is difficult to separate this issue from the warranty issues. The two are interrelated.  Consequently, attempting to decide the warranty issue now and in segregation from the contract dispute will not necessarily clarify the case.

Both sides recognize that disputed material facts may bar resolution of the contract claims on summary judgment. The primary dispute appears to focus on whether the chillers as delivered meets the contract specifications.   The focus should be on the chiller itself and not the entire power plant.  These same disputed facts could have a bearing on the warranty claims. The Court concludes, therefore, that the better course of action is to deny the motion and resolve both the contract and warranty claims either at trial or by subsequent motion.

**IT IS HEREBY ORDERED** that AAF's motion for partial summary judgment is **DENIED.**

A pretrial conference is set for **February 8, 2008.**

Date: January 10, 2008

Copies to:

All Counsel